UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM DIXON,

      Plaintiff,

v.                                          Case No. 8:22-cv-327-VMC-SPF

WASTE PRO OF FLORIDA, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff William Dixon was a waste disposal driver for Defendant Waste Pro of Florida, Inc. and an opt-in plaintiff in the FLSA collective action *Wright v. Waste Pro USA, Inc., et al.*, No. 0:19-cv-62051-KMM (S.D. Fla. Aug. 15, 2019). The *Wright* court decertified that case in early 2022 and dismissed the opt-in plaintiffs' claims without prejudice, prompting Plaintiff to file this individual FLSA action (a move 106 other opt-in plaintiffs also made) (Doc. 1). In August 2022, Plaintiff settled his unpaid overtime claim against Defendant for $4,550.00 (*see* Doc. 24). The district judge approved the parties' settlement and granted Plaintiff's unopposed motion to determine entitlement to attorney's fees as the prevailing plaintiff (Docs. 25-28). *See* 29 U.S.C. § 216(b). The issue now is the amount of fees. Plaintiff's counsel allege they are entitled to recover some of the fees they incurred in litigating *Wright* and fees for time spent litigating this case (Doc. 30). Defendant objects, contending the FLSA does not authorize Plaintiff to recover fees incurred in a separate lawsuit, and the hourly rates and number of hours Plaintiff's counsel expended on this case are unreasonable (Doc. 31). The Court recommends Plaintiff's motion be granted in part and denied in part.

I.      **Attorneys' Fees in *Wright* Litigation**

Plaintiff seeks $15,555.08 in attorneys' fees, with this breakdown: $7,907.58, representing 1/96th of Plaintiff's counsel's total fees in *Wright*; $3,037.50 for "individual discovery and deposition time in the underlying *Wright* matter"; and $4,610.00 for time spent litigating this case (Doc. 30 at 3, n.1).   Citing non-binding out-of-circuit cases, Plaintiff reasons there are 96 former *Wright* opt-in plaintiffs with active individual FLSA cases, so 1/96th of the total fees in *Wright* ($759,127.50, according to Plaintiff) – or $7,907.58 – is recoverable here (*Id.* at 7-8, 13).   Even if the Court agreed to award Plaintiff's counsel a portion of the fees in *Wright*, it is not clear why 96 is the denominator instead of 107 (the total *Wright* opt-in plaintiffs who filed individual cases) or even 650 (the total *Wright* opt-ins).   The relationship between the fraction 1/96 and Plaintiff's case is arbitrary.

Putting that aside, Plaintiff's reliance on the Sixth Circuit's decision in *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), abrogated on other grounds, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016), is misplaced.   *O'Brien* permits recoupment of fees incurred in a decertified collective action in a subsequently filed individual FLSA case, *if* the plaintiff makes "a specific showing of benefit."   *Id.* at 577.   Plaintiff does not make this showing.   Instead, Plaintiff points to all-purpose filings and discovery – like plaintiffs' complaint and motion for conditional certification and Waste Pro's Rule 30(b)(6) deposition – without explaining how these tasks benefitted him (Doc. 30 at 8-9).   And even if Plaintiff would not have known he had a claim but for *Wright*, this does not render Waste Pro liable here for fees in that earlier case.

In at least one other spin-off case, Plaintiff's counsel represented that the *Wright* fees total $762,165.00, a number $3,037.50 less than what Plaintiff represents here (*compare* Doc.

30 at 13 (*Wright* fees total $759,127.50) *with Rivera v. Waste Pro of Florida, Inc.*, No. 8:22-cv-363-KKM-AAS, Doc. 31 at 12 (M.D.Fla. Sept. 12, 2022) (*Wright* fees total $762,165.00)). This $3,037.50 difference appears to represent the *Wright* fees Plaintiff alleges his counsel incurred drafting Plaintiff-specific discovery requests and preparing for, traveling to, and attending his deposition in *Wright*. Attached to Plaintiff's motion are the *Wright* billing invoices with Plaintiff-specific entries highlighted (Doc. 30-4).

But in attorneys' fees motions in other *Wright* spin-off cases, the plaintiffs do not parse out individualized fees, instead moving only to recoup a pro rata share of the *Wright* total, which in those cases included the $3,037.50 Plaintiff seeks to recover here and attributes solely to him (*see, e.g., Shaw v. Waste Pro of Florida, Inc.*, No. 4:22-cv-55-AW-MAF, Doc. 21 (N.D. Fla. Aug. 8, 2022); *Rivera*, No. 8:22-cv-363-KKM-AAS, Doc. 31 (M.D. Fla. Sept. 12, 2022)). Plaintiff does not reduce the *Wright* total by amounts attributable to other plaintiffs who have filed individual actions post-*Wright*, a calculation that – deducing from Plaintiff's argument – is possible to perform. This underscores the arbitrariness of this Court awarding fees for work performed in *Wright*, a persistent problem despite that Plaintiff's counsel here (for the first time in a spin-off case) points to specific time entries to attempt to show Plaintiff directly benefitted from *Wright* (see Doc. 30-4).

In short, Plaintiff is not entitled to recover fees incurred in *Wright* in this case, a conclusion that aligns with other Florida district courts that have considered the issue in similar Waste Pro cases. *See Shaw*, No. 4:22-cv-55-AW-MAF, Doc. 31 (N.D. Fla. Nov. 22, 2022); *Bell v. Waste Pro of Fla., Inc.*, No. 5:22-cv-38-TKW-MJF, Doc. 25 (N.D. Fla. Oct. 4, 2022); *Campbell v. Waste Pro of Fla., Inc.*, No. 5:22-cv-32-TKW-MJF, Doc. 32 (N.D. Fla. Oct. 4, 2022); *Henderson v. Waste Pro of Fla., Inc.*, No. 5:22-cv-39-TKW-MJF, Doc. 34 (N.D. Fla.

Sept. 26, 2022); *Hightower v. Waste Pro of Fla., Inc.*, No. 4:22-cv-76-MW-MAP, Doc. 39 (N.D. Fla. Sept. 23, 2022); *Jackson v. Waste Pro of Fla., Inc.*, No. 0:22-60330-RAR, Doc. 46 (S.D. Fla. Sept. 13, 2022), *report and recommendation adopted*, Doc. 48 (S.D. Fla. Sept. 30, 2022); *see also Rivera*, No. 8:22-cv-363, Doc. 38 (M.D. Fla. Dec. 9, 2022) (report and recommendation pending).

## II.    Attorneys' Fees in this Action

The next issue is the amount of fees Plaintiff is entitled to as the prevailing party in *this* case. Plaintiff requests $4,610.00 in fees, representing 9.6 hours of work. The Court uses the lodestar method to determine a reasonable fee award, which it calculates by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[1] The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.

---

[1] Plaintiff analyzes his fees request in the context of the twelve factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (Doc. 30 at 14-25). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the lawyer due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. But the Eleventh Circuit has recognized that the *Johnson* factors are subsumed in the lodestar analysis. *In re Home Depot Inc.*, 931 F.3d 1065, 1090 (11th Cir. 2019). While courts are free to analyze the *Johnson* factors in determining a reasonable hourly rate and a reasonable number of compensable hours, courts are not required to "slog through" the 12 factors one-by-one. *Id.* at 1091. This Report and Recommendation organizes the analysis of Plaintiff's request for attorneys' fees under the lodestar approach.

1996) (internal quotation marks omitted). As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

The party seeking an award of expenses bears the burden of submitting a request that enables the court to determine what expenses the party incurred and why it is entitled to an award of those expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). However, "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quotation omitted); *see also Hepsen v. J.C. Christensen & Assoc., Inc.*, 394 F. App'x 597, 599-600 (11th Cir. 2010). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

## A. Reasonable Hourly Rates

Plaintiff requests that the Court find reasonable these hourly rates of his Morgan & Morgan legal team:

(1) $650 for Attorney Ryan Morgan, a partner with 17 years of experience;

(2) $650 for Attorney Paul Botros, a senior attorney with 19 years of experience;

(3) $400 for Pausha Taghdiri, an associate attorney with five years of experience; and

(4) $225 for Vanessa Fish, a paralegal with 17 years of experience.

In support, Plaintiff offers the declarations of Attorney Morgan and fees expert Attorney

Anthony Hall of The Leach Firm (Docs. 30-1, 30-2).

The Court may use its discretion and expertise to determine the appropriate hourly rate to apply to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). In the Tampa division, $650 per hour in an individual FLSA case pushes the bounds of reasonable. *See Gordon v. Double Eagle of Sarasota, Inc., et al.*, No. 8:16-cv-2561-EAK-AEP, Doc. 42 (M.D. Fla. June 21, 2019) (finding $425 per hour reasonable rate for Morgan & Morgan partner in individual FLSA case); *Pena v. RDI, LLC*, No. 8:17-cv-1404-T-AAS, 2019 WL 3017574, at * 1-2 (M.D. Fla. July 10, 2019 (awarding $425 per hour to plaintiff's counsel in individual FLSA case); *Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2022 WL 3101768, at * 6 (Aug. 4, 2022) (awarding $400 per hour to counsel in FLSA case with 15 years of experience).

Recently the undersigned recommended compensating a Morgan & Morgan partner at the hourly rate of $425 in an FLSA case. *See Tran v. Nomad Grp., LLC*, No. 8:20-cv-1945-CEH-SPF, Doc. 114 (M.D. Fla. November 18, 2022). The case Plaintiff cites supporting Attorney Morgan and Botros's $650 hourly rate is from the Central District of California, an apples to oranges comparison (*see* Doc. 30-2 at 8). Attorney Hall's observation that Tampa and Orlando defense attorneys bill between $625 and $700 per hour for FLSA work does not persuade the Court that these rates are reasonable (Doc. 30-1). The undersigned recommends the Court reduce Attorneys Morgan and Botros's hourly rate from $650 to $425.

Attorney Taghdiri's requested hourly rate of $400 is also unreasonable. Weighing Attorney Taghdiri's experience level, the legal issues, the Court's knowledge of market rates of Tampa division attorneys, and the Court's findings regarding hourly rates in other FLSA cases, the undersigned finds a reduction in Attorney Taghdiri's hourly rate is warranted.

6

Courts in the Middle District routinely find hourly rates between $250 and $375 reasonable for associate-level attorneys in FLSA cases. *See Rizzo-Alderson v. Tawfik*, No. 5:17-cv-292-FtM-38MRM, 2019 WL 2078730, at *2 (M.D. Fla. July 1, 2019) (collecting Middle District cases); *see also Rodriguez v. Heartland Painting & Remodeling Servs., Inc.*, No. 8:20-cv-1399-TPB-TGW, 2021 WL 5868339, at * 2 (M.D. Fla. Nov. 24, 2021) (awarding Morgan & Morgan attorney with eight years of experience an hourly rate of $300); *Martinez v. DDS Delivery Servs., LLC*, No. 6:21-cv-794-GAP-EJK, 2021 WL 7084719, at *7 (M.D. Fla. Dec. 17, 2021) (awarding Morgan & Morgan attorney with five years of experience an hourly rate of $250); *Pollock v. Move4All, Inc.*, No. 6:19-cv-130-Orl-31DCI, 2020 WL 5505389, at *3-4 (M.D. Fla. Aug. 21, 2020) *report and recommendation adopted*, 2020 WL 5500213 (M.D. Fla. Sept. 11, 2020) (finding hourly rate of $200 reasonable for attorney with approximately five years of legal experience).

Under these circumstances, $275 per hour is a reasonable rate for Attorney Taghdiri. *See Yasmin v. Triple T II, Inc.*, No. 8:19-cv-1158-T-36AAS, 2020 WL 418874, at * 5 (M.D. Fla. Jan. 27, 2020) (awarding Morgan & Morgan attorney with approximately four years of experience an hourly rate of $275 in FLSA case); *Davis v. D&G Erectors Corp.*, No. 6:18-cv-2058-Orl-22TBS, 2019 WL 3383547, at *4 (M.D. Fla. May 29, 2019), *report and recommendation adopted*, No. 6:18-cv-2058-Orl-22TBS, Doc. 25 (June 17, 2019) (same, attorney with approximately three years of experience). Paralegal Vanessa Fish's $225 hourly rate is also unreasonable for this legal market and should be reduced to $100. *See Drayton v. Avia Premier Care, LLC*, 2019 WL 2450933, at *2-3 (M.D. Fla. May 2, 2019), *report and recommendation adopted*, 2019 WL 2492098 (M.D. Fla. June 14, 2019) (awarding paralegal $100 per hour, $250 to associate, and $350 to partner in FLSA case).

### B.  Reasonable Number of Hours

The next step in the analysis is to determine the number of hours reasonably expended. Attorneys must exercise billing judgment, which "means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotations, citations, and emphasis omitted).

Plaintiff seeks compensation for 9.6 hours of attorney and paralegal time (4.8 hours for Attorney Botros, 0.1 hour for Attorney Morgan, 2.1 hours for Attorney Taghdiri, and 2.6 hours for paralegal Fish) (Doc. 30-3).  Waste Pro does not appear to contest these time entries (Doc. 31), and the undersigned finds the 9.6 hours expended are not excessive.  Additionally, none of the individual time entries is excessive or unreasonable.

### C.  Lodestar

Multiplying the reasonable hourly rates by the reasonable number of hours yields these results.

Attorney Morgan:    $425 per hour x 0.1 hours = $42.50
Attorney Botros:    $425 per hour x 4.8 hours = $2,040.00
Attorney Taghdiri:    $275 per hour x 2.1 hours = $577.50
Paralegal Fish:    $100 per hour x 2.6 hours = $260.00
**Total:  $2,920.00**

At this point, Defendant urges the Court to reduce the lodestar due to Plaintiff's "lack of success." (Doc. 31 at 10).  In his amended complaint, Plaintiff sought $14,483.00 in unpaid overtime, yet the parties settled for $4,550.00 (approximately 30% of the initial damages prayer).  So – Defendant's argument goes – the Court should reduce Plaintiff's fees by 70% to reflect that Plaintiff's case was 70% compromised.  But this reasoning undermines the FLSA's

remedial purposes.  As Plaintiff points out, "fee awards 'should not simply be proportionate to the results obtained by the Plaintiff.'" (Doc. 30 at 3, quoting *James v. Walsh Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007)).

## III.   Conclusion

The undersigned **RECOMMENDS**:

(1)  Plaintiff's Supplemental Motion to Award Attorney's Fees and Costs (Doc. 30) be

**GRANTED in part and DENIED in part**;

(2)  Plaintiff be awarded $2,920.00 in attorneys' fees under 29 U.S.C. § 216(b); and

(3)  Plaintiff's motion be otherwise denied.

It is so **REPORTED** in Tampa, Florida on December 16, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation.  11th Cir. R. 3-1.